KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I conclude that Cantley has adequately pleaded a claim of First Amendment retaliation against Defendant Hoffman, I respectfully dissent.
Cantley’s complaint alleges facts that, if taken as true, make it “plausible]” that Hoffman instigated or helped to instigate Cantley’s transfer to a higher security level because of the grievances Cantley filed. See Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In his complaint, Cantley alleges that Hoffman was the “Resident Unit Manager” and that Hoffman, along with the warden, told Cantley that Cantley would be returning to “[Ljevel II.” Dist. Ct. Doc. 1 (Compl. at ¶ 1). From this, one could plausibly infer that Hoffman had some control over Cantley’s security classification or was otherwise involved in classification decisions. Cantley also alleges- that he filed four grievances and that Hoffman later “confronted” Cantley with regard to one of the grievances. Id. Under these circumstances, it is plausible to infer that Hoffman knew of at least one of the grievances and was angered by it. Finally, Cantley alleges that he was transferred to “Level IV” no more than a week after the confrontation. Id. Such a close proximity between the confrontation and the transfer suggests that the two incidents were related and that Hoffman’s anger with regard to Cantley’s grievances prompted Hoffman to effectuate Cantley’s transfer.
The district court concluded that “[o]s-tensibly, the [Security Classification Committee] made the decision [to transfer Cantley] based upon [Cantley’s] misconduct for fighting.” Doc. 8 (Dist. Ct. Order (12/22/08) at 10). If this were true, however, it is unclear why, after the alleged *508 misconduct, Hoffman told Cantley that Cantley would be returning to “[L]evel II” and then suddenly reversed this decision after Cantley filed his grievances. This is not to say that a retaliatory motive is the only inference that could be drawn from the facts Cantley has pleaded, but at this stage of litigation, retaliatory motive need only be “plausible” as opposed to “probable]” Iqbal, 129 S.Ct. at 1949 (internal quotation marks omitted). Therefore, I respectfully dissent.